F I L E D
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ DEC 20 2019 ★
LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
PHILIP M. RAFIY, M.D., individually,

                Plaintiff,

      -against-

COUNTY OF NASSAU, *et al.*,

                Defendants.
----------------------------------------------------------------X
FEUERSTEIN, District Judge:

**ORDER**
15-CV-6497(SJF)(GRB)

      Pending before the Court are the objections of plaintiff Philip M. Rafiy, M.D. ("plaintiff") to so much of the Report and Recommendation of the Honorable Gary R. Brown, United States Magistrate Judge, dated November 13, 2019 ("the Report"), as recommends granting the branches of defendants' motion seeking summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure dismissing plaintiff's (i) municipal liability claims against the County of Nassau ("the County"); (ii) official capacity claims against defendants Kathleen Rice ("Rice"), Andrew Weiss ("ADA Weiss") Diane Peress ("ADA Peress") and William Walsh ("Walsh") as barred by the Eleventh Amendment; and (iii) federal claims against the County Defendants[1] on the basis, *inter alia*, (A) that plaintiff failed to establish a cognizable constitutional violation, and (B) that the County Defendants are shielded by the doctrines of absolute and qualified immunity. For the reasons set forth below, plaintiff's objections are overruled and the Report is accepted in its entirety.

---

[1] Consistent with the Report, the County, Office of the Nassau County District Attorney (the "DA's Office"), Rice, ADA Weiss, ADA Peress and Walsh are collectively referred to herein as the "County Defendants." (*See* Report at 1).

1

I. Discussion

    A. Standard of Review

Any party may serve and file written objections to a report and recommendation of a magistrate judge on a dispositive matter within fourteen (14) days after being served with a copy thereof. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). Any portion of such a report and recommendation to which a timely objection has been made is reviewed *de novo*. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). The court, however, is not required to review the factual findings or legal conclusions of the magistrate judge as to which no proper objections are interposed. *See Thomas v. Arn*, 474 U.S. 140, 150, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985). To accept the report and recommendation of a magistrate judge to which no specific, timely objection has been made, the district judge need only be satisfied that there is no clear error apparent on the face of the record. *See* Fed. R. Civ. P. 72(b); *Spence v. Superintendent, Great Meadow Corr. Facility*, 219 F.3d 162, 174 (2d Cir. 2000) (a court may review a report to which no timely objection has been interposed to determine whether the magistrate judge committed "plain error.")

However, general objections, or "objections that are merely perfunctory responses argued in an attempt to engage the district court in a rehashing of the same arguments set forth in the original papers will not suffice to invoke de novo review." *Owusu v. New York State Ins.*, 655 F. Supp. 2d 308, 312-13 (S.D.N.Y. 2009) (quotations, alterations and citation omitted); *see also Trivedi v. New York State Unified Court Sys. Office of Court Admin.*, 818 F. Supp. 2d 712, 726 (S.D.N.Y. 2011), *aff'd sub nom Seck v. Office of Court Admin.*, 582 F. App'x 47 (2d Cir. Nov. 6, 2014) ("[W]hen a party makes only conclusory or general objections [] the Court will review the Report strictly for clear error.[] Objections to a Report must be specific and clearly aimed at

particular findings in the magistrate judge's proposal." (quotations, alterations and citation omitted)). Any portion of a report and recommendation to which no specific timely objection is made, or to which only general, conclusory or perfunctory objections are made, is reviewed only for clear error. *Owusu*, 655 F. Supp. 2d at 312-13; *see also Bassett v. Electronic Arts, Inc.*, 93 F. Supp. 3d 95, 100-01 (E.D.N.Y. 2015).

Whether or not proper objections have been filed, the district judge may, after review, accept, reject, or modify any of the magistrate judge's findings or recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

B.   Plaintiff's Objections

Initially, plaintiff's general objections to the Report, and request that the Report "be set aside" in its entirety, (Plaintiff's Objections to the Report ["Plf. Obj."] at 10), are insufficient to invoke *de novo* review. *See, e.g. Colvin v. Berryhill*, 734 F. App'x 756, 758 (2d Cir. May 18, 2018) (summary order); *Benitez v. Parmer*, 654 F. App'x 502, 503 (2d Cir. June 30, 2016) (summary order). Accordingly, except for the specific objections set forth below, the remainder of the Report is reviewed only for clear error.[2]

Plaintiff contends, *inter alia*, that Magistrate Judge Brown erred: (i) in purportedly misapplying the legal standard for summary judgment, accepting the County Defendants' "Rule 56 Statement as the facts of the matter" and "failing to apply the facts in a light most favorable to plaintiff," (Plf. Obj. at 3); (ii) in "concluding that Plaintiff has merely asserted claims predicated on 'negligent prosecution' as opposed to intentional failures[,]" in light of evidence "establishing

---

[2] Specifically, plaintiff does not assert any specific objections to so much of the Report as recommends, *inter alia*, (i) that summary judgment be granted dismissing his claims against the DA's Office, (Report at 10), and Rice in her individual capacity, (*id.* at 14); and (ii) that the Court decline to exercise supplemental jurisdiction over plaintiff's state law claims pursuant to 28 U.S.C. § 1367(c).

3

the presentation of redacted medical documents (having nothing to do with HIPAA), failure to review, assess and apply exculpatory material and the inexplicable presentation of material at Grand Jury that was wholly incomplete[,]" which "demonstrates a genuine dispute as to material fact," (*id.* at 2; *see also Id.* at 4 [asserting that Magistrate Judge Brown ignored: "Plaintiff's Rule 56 Counterstatement of Fact demonstrating that there was uncontested testimony and documentary evidence indicating that [the County Defendants] submitted incomplete records and redacted/altered medical reports[;] . . . [and] that in their self-serving affidavits, neither ADA Weiss nor ADA Lavine affirmed that that [sic] they actually reviewed, discussed or analyzed the exculpatory documentation delivered by defense counsel"]); (iii) in "mak[ing] short shrift of Plaintiff's contention that [the County Defendants'] witness at Grand Jury (United Healthcare) lacked standing to testify that a refund check was enclosed in an envelope with a postmark date later than that of the check, . . . [and] determin[ing] that the refund envelope check date is 'accepted as admitted fact [sic] for [the] purposes of this motion[,]'"[3] (*id.* at 4 [quoting Report at 7]); (iv) in finding, for purposes of absolute immunity, that plaintiff "fail[ed] to identify any actions by the ADAs Weiss and Peress that were in any way investigative or administrative[,] . . . [which] runs counter to his prior finding . . . that '[the Economic Crimes Bureau's] investigation continued through the time of trial' and that 'ADA Weiss, during the course of the investigation, gathered' additional evidence[,]" (*id.* at 2-3 [quoting Report at 4]; *see also Id.* at 6); (v) in "fail[ing] to recognize that the actions of a prosecutor are not absolutely immune merely because they are performed by a prosecutor[,] . . . [and] to adequately address [the County Defendants'] failure to procure, review and/or comprehend exculpatory material, IME Reports, medical records and correspondence revealing that its prosecution was not warranted[,]" (*id.* at 7; *see also*

---

[3] Other evidence demonstrating that the checks were backdated was also presented to the grand jury. *See, e.g.* Jones Decl., Ex. 23 at 45-49).

*Id.* at 9), and, in effect, finding relevant the "fact that the patient/witness coercion [by Investigator Walsh] apparently failed," (*id.* at 7; *see also Id.* at 9 [asserting that "[W]hile the [Report] made a cursory dismissal of the [County Defendants'] attempt to coerce patient/witnesses, . . . it did so in conclusory fashion"]); (vi) with respect to qualified immunity, in "fail[ing] to note Plaintiff's Counter-statement of Material Fact [sic] and instead choos[ing] to accept [the County Defendants'] filing as inalienable[,] . . . [and] fail[ing] to assess *Brady v. Maryland*, 373 U.S. 83 (1963),"[4] (*id.* at 3; *see also Id.* at 8 [asserting that the Report "failed to apply the findings in *Brady*[,] which is a clear violation of plaintiff's constitutional rights and is expressed in the present matter[,] . . . [and] makes short shrift of these issues"]); (vii) in "fail[ing] to address case law confirming that [where] a municipal official 'has final authority over significant matters involving the exercise of discretion,' his choices represent government policy[,]'" (*id.* at 5 [quoting *Gronowski v. Spencer*, 424 F.3d 285, 296 (2d Cir. 2005)]), and "fail[ing] to recognize that the ADAs in this matter were acting as policy makers for the purposes of the prosecution[,]" (*id.* at 5; *see also Id.* at 6 [asserting that Magistrate Judge Brown "failed to address that ADA Peress, the Chief of the Economic Crimes [sic] and ADA Weiss, the Deputy Chief of the Economic Crimes Bureau . . . were acting as policymakers. . ."]); and (viii) in "conclud[ing] that *Ex Parte Young*, 209 U.S. 123 (1908) is inapplicable merely because it dealt with injunctive relief instead of monetary damages," (*id.* at 9), and that its claims against the individual defendants in their official capacity are barred by the Eleventh Amendment. (*Id.* at 9-10).

Upon consideration of plaintiff's objections and the County Defendants' responses thereto, and *de novo* review of the findings and conclusions in the Report to which plaintiff

---

[4] Plaintiff also contends that the Report "ignored the findings set forth in *Harlow v. Fitzgerald*, 457 U.S. 800, 814, 102 S. Ct. 2727, 73 L. Ed. 2d 396 (1982)" with respect to qualified immunity.

5

specifically objects, as well as all motion papers and the entire record, plaintiff's objections are overruled and those branches of the Report to which plaintiff specifically objected are accepted in their entirety.

1.  Summary Judgment Standard and Constitutional Violation

Magistrate Judge Brown properly disregarded any assertion in the parties' statements pursuant to Local Civil Rule 56.1 of the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York ("Local Civil Rule 56.1"), that was not supported pursuant to Rule 56(c) of the Federal Rules of Civil Procedure. *See* Local Civil Rule 56.1(d) ("Each statement by the movant or opponent pursuant to Rule 56.1(a) and (b), including each statement controverting any statement of material fact, must be followed by citation to evidence which would be admissible, set forth as required by Fed. R. Civ. P. 56(c)."); *New World Sols., Inc. v. NameMedia Inc.*, 150 F. Supp. 3d 287, 305 (S.D.N.Y. 2015) ("[I]f a party fails to properly support a statement by an adequate citation to the record, the Court may properly disregard that assertion."); *Kaur v. New York City Health & Hosps. Corp.*, 688 F. Supp. 2d 317, 322 (S.D.N.Y. 2010) ("Where there are no citations or where the cited materials do not support the factual assertions in the Statements, the Court is free to disregard the assertion." (quotations, alterations and citation omitted)). Moreover, only disputes over facts that are material to the disposition of the motions, *i.e.*, that "might affect the outcome of the suit under the governing law," *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986), will defeat summary judgment. *See Zann Kwan v. Andalex Grp. LLC*, 737 F.3d 834, 843 (2d Cir. 2013) ("The substantive law governing the case will identify those facts that are material, and '[o]nly disputes over facts that might affect the outcome of the suit under the governing law will

properly preclude the entry of summary judgment.'" (brackets in original) (quoting *Anderson*, 477 U.S. at 248, 106 S. Ct. 2505)). "'The mere existence of a scintilla of evidence in support of the [non-movant's] position will be insufficient' to defeat a summary judgment motion[,]" *Fabrikant v. French*, 691 F.3d 193, 205 (2d Cir. 2012) (quoting *Anderson*, 477 U.S. at 252, 106 S. Ct. 2505); and "[a] court cannot credit a plaintiff's merely speculative or conclusory assertions." *DiStiso v. Cook*, 691 F.3d 226, 230 (2d Cir. 2012); *see also Federal Trade Comm'n v. Moses*, 913 F.3d 297, 305 (2d Cir. 2019) ("[A] party may not rely on mere speculation or conjecture as to the true nature of the facts to overcome a motion for summary judgment."); *Flores v. United States*, 885 F.3d 119, 122 (2d Cir. 2018) ("While we are required to resolve all ambiguities and draw all permissible factual inferences in favor of the non-moving party, . . . conclusory statements, conjecture, or speculation by the party resisting the motion will not defeat summary judgment[.]" (quotations, alterations and citations omitted)).

"To prevail on his claim under 42 U.S.C. § 1983, [the plaintiff] must show 'the violation of a right secured by the Constitution and laws of the United States' and that 'the alleged deprivation was committed by a person acting under color of state law.'" *Jones v. County of Suffolk*, 936 F.3d 108, 114 (2d Cir. 2019) (quoting *West v. Atkins*, 487 U.S. 42, 48, 108 S. Ct. 2250, 101 L. Ed. 2d 40 (1988)). Magistrate Judge Brown properly found that plaintiff's assertions, *inter alia*, challenging the County Defendants' review, assessment and/or analysis of evidence amount to claims sounding in negligent prosecution or investigation, which do not rise to the level of a constitutional violation. *See generally Daniels v. Williams*, 474 U.S. 327, 328, 106 S. Ct. 662, 88 L. Ed. 2d 662 (1986) ("[T]he Due Process Clause is simply not implicated by a *negligent* act of an official causing unintended loss of or injury to life, liberty, or property." (emphasis in original)); *Davidson v. Cannon*, 474 U.S. 344, 347, 106 S. Ct. 668, 88 L. Ed. 2d

7

677 (1986) ("[T]he Due Process Clause of the Fourteenth Amendment is not implicated by the lack of due care of an official causing unintended injury to life, liberty or property. In other words, where a government official is merely negligent in causing the injury, no procedure for compensation is constitutionally required."); *Pabon v. Wright*, 459 F.3d 241, 250 (2d Cir. 2006) ("The simple lack of due care does not make out a violation of either the substantive or procedural aspects of the Due Process Clause of the Fourteenth Amendment.")

Although "government officials may be held liable for fabricating evidence through false statements or omissions that are both material and made knowingly[,]" *Morse v. Fusto*, 804 F.3d 538, 547 (2d Cir. 2015); *see also Zahrey v. Coffey*, 221 F.3d 342, 349 (2d Cir. 2000) (recognizing a constitutional right "not to be deprived of liberty as a result of the fabrication of evidence by a government officer acting in an investigating capacity"), plaintiff failed to adduce sufficient evidence that would be admissible at trial on which a jury could reasonably find that the County Defendants, acting in an investigating capacity, knowingly created false or misleading evidence that was material to the grand jury's decision to indict him, particularly in light of, *inter alia*, the state court's finding that the grand jury proceedings were not defective.

2. Immunity

a. Absolute Immunity

"Instead of relying on strict categories of actions with respect to which absolute immunity attaches, the relevant question is 'whether there is pending or in preparation a court proceeding in which the prosecutor acts as an advocate.'" *Ogunkoya v. Monaghan*, 913 F.3d 64, 69 (2d Cir. 2019) (quoting *Warney v. Monroe County*, 587 F.3d 113, 123 (2d Cir. 2009)). The ultimate question is "whether a reasonable prosecutor would view the acts challenged by the

complaint as reasonably within the functions of a prosecutor." *Id.* (quoting *Giraldo v. Kessler*, 694 F.3d 161, 166 (2d Cir. 2012)).

The specific acts challenged by plaintiff are: (i) the County Defendants' purported failure "to procure, review and/or comprehend exculpatory material, IME Reports, medical records and correspondence revealing that its prosecution was not warranted[,]" (ii) Walsh's alleged failure to make any "attempt to review the associated medical records for the patient files under investigation[,]" and (iii) Walsh's purported "attempt[] to coerce patient/witnesses. . . ."[5] (Plf. Mem. at 11). The Report does not conclude that Walsh is entitled to absolute immunity.

"[A]bsolute immunity covers administrative acts 'directly connected with the conduct of a trial[,]'" *Ogunkoya*, 913 F.3d at 70 (quoting *Van de Kamp v. Goldstein*, 555 U.S. 335, 344, 129 S. Ct. 855, 172 L. Ed. 2d 706 (2009)), and "potentially administrative or investigate acts . . . [that are] integral to the [prosecutor's] overarching advocacy function." *Id.* (quoting *Warney*, 587 F.3d at 124). "The decision to initiate prosecution, what charges to bring, and how to perfect and consolidate those charges is a quintessential prosecutorial function." *Id.* at 71. Magistrate Judge Brown properly concluded that plaintiff "fail[ed] to identify any actions by the ADAs Weiss and Peress [collectively, 'the ADAs'] that were in any way investigative or administrative," and, thus, that the ADAs are entitled to absolute immunity. (Report at 15).

b. Qualified Immunity

In his opposition to the County Defendants' motion, plaintiff indicates, *inter alia*, that "[t]he Supreme Court in *Brady v. Maryland*, 373 U.S. 83 (1963) confirmed that we 'now hold that the suppression by the prosecution of evidence favorable to an accused upon request violates

---

[5] Plaintiff generally refers to the County Defendants' alleged attempt to coerce patient/witnesses," but the evidence reflects that the challenged comments upon which that claim is based were made by Walsh.

9

due process where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution'. This is a clear violation of plaintiff's constitutional rights and is expressed in the present matter." (Plf. Mem. at 12-13; *see also* Plf. Obj. at 8). Magistrate Judge Brown correctly found that "the record contains no indication that such a failure transpired[,]" (Report at 16), as plaintiff does not assert that any defendant withheld exculpatory evidence. (*See* Plf. Mem. at 14-15 [contending that the ADAs and Walsh "failed to procure, review and/or comprehend exculpatory material, IME Reports, medical records and correspondence revealing that its prosecution was not warranted[;] . . . [and that] Walsh made no attempt to review the associated medical records for the patient files under investigation . . . [and] attempted to coerce patient/witnesses" by making certain comments]; *accord* Plf. Obj. at 9).

       3.       Municipal Liability

Magistrate Judge Brown correctly found that plaintiff failed to demonstrate that the ADAs had final policymaking authority in the relevant area under state law and that the acts of which plaintiff complains on behalf of the ADAs did not reflect municipal policy. *See, e.g. Feerick v. Sudolnik*, 816 F. Supp. 879, 886 (S.D.N.Y. 1993), *aff'd*, 2 F. 3d 403 (2d Cir. 1993); *Peterson v. Tomaselli*, 469 F. Supp. 2d 146, 169-70 (S.D.N.Y. 2007).

       4.       Official Capacity Claims

Magistrate Judge Brown correctly found that "[p]laintiff's reliance on *Ex parte Young*, 203 U.S. 123 (1908) is entirely misplaced. . . ." (Report at 14). As explained by the Second Circuit:

> In *Ex parte Young*, the Supreme Court held that the Eleventh Amendment did not bar an action in federal court to enjoin a state official from taking official action claimed to violate federal law. 209 U.S. 123, 155–56, 28 S. Ct. 441, 52 L. Ed. 714 (1908); *see also Edelman* [*v. Jordan*], 415 U.S. [651,] 664, 94 S. Ct. 1347[, 39 L. Ed. 2d 662 (1974)]. Under this doctrine, federal courts may hear claims for prospective injunctive relief, *see Edelman*, 415 U.S. at 677, 94 S. Ct. 1347, but retroactive claims seeking monetary damages from the state treasury are barred by the Eleventh Amendment because, even if state officials are the nominal defendants, the state is the real party in interest, *id.* at 663, 94 S. Ct. 1347."

*Tsirelman v. Daines*, 794 F.3d 310, 313-14 (2d Cir. 2015).

C.   Remainder of Report

There being no clear error on the face of the Report with respect to the findings and conclusions of Magistrate Judge Brown to which no specific timely objections are interposed, those branches of the Report are accepted in their entirety.

II.   Conclusion

For the reasons set forth above, plaintiff's objections are overruled, the Report is accepted in its entirety and, for the reasons set forth therein, the County Defendants' motion for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure is granted to the extent set forth in the Report; the County Defendants are granted judgment as a matter of law dismissing plaintiff's federal claims against them in their entirety with prejudice; and plaintiff's state law claims are dismissed without prejudice pursuant to 28 U.S.C. § 1367(c)(3). Pursuant to 28 U.S.C. § 1367(d), the statute of limitations for any state law claims timely filed in this Court is tolled **for a period of thirty (30) days after the date of this order** unless a longer tolling period is otherwise provided under state law. *See generally Artis v. District of Columbia*, --- U.S.

11

---,138 S. Ct. 594, 598, 199 L. Ed. 2d 473 (2018). The Clerk of the Court shall enter judgment in accordance with this Order and close this case.

SO ORDERED.

                                         /s/ *Sandra J. Feuerstein*
                                         Sandra J. Feuerstein
                                         United States District Judge

Dated:  December 20, 2019
          Central Islip, New York